```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MELVIN X. LINDSAY,                 :
      Plaintiff
                             :

      vs.                         : CIVIL NO. 1:CV-04-0180

JOSEPH W. CHESNEY,                 :
JOHN SOMMERS,
CHARLES ERICKSON,                  :
DAVID WILDE, Captain,
J. R. BUBB,                        :
OMAR HAMILTON,
JOHN MACK,                         :
JEFFREY BEARD, and
MICHAEL FARNAN, Chief Counsel,     :
      Defendants

# O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      We are considering the report of the magistrate judge, dated July 27, 2005, recommending that Defendants' motion for summary judgment be granted. The pro se plaintiff, Melvin X. Lindsay, an inmate at FCI-Fayette, LaBelle, Pennsylvania, filed this action, alleging that Defendants retaliated against him by transferring him from SCI-Retreat after he tried to assert his First Amendment right to practice his Nation of Islam faith. Defendants' position is that Plaintiff was transferred after he was discovered attempting to engage in unauthorized group activities.

      Plaintiff did not oppose summary judgment, but has filed objections and a motion for return of legal materials and to

interview a witness. Both filings are concerned with Plaintiff's allegations that legal material was taken from him, including a list of witnesses, on March 24, 2005, that makes summary judgment improper at this time. We disagree and will adopt the magistrate judge's recommendation.

This action was filed on January 26, 2004. Defendants filed an answer on April 22, 2004. Thereafter, both sides sought extensions of time to complete discovery. Eventually, Defendants moved for an extension of time to file a dispositive motion, and then to file documents in support of their summary-judgment motion. These requests were granted.

Thereafter, Plaintiff twice sought an extension of time to oppose summary judgment. The first extension motion was filed on March 28, 2005, and sought an extension to May 2, 2005, representing that Plaintiff needed this time to review case law and obtain affidavits. This extension was granted. The second extension motion was filed on April 26, 2005, and sought ninety additional days, representing that prison officials had confiscated legal materials on March 24, 2005, including a list of witnesses. The magistrate judge granted a thirty-day extension, noting that no further time would be granted. Plaintiff filed nothing in opposition to the summary-judgment motion, and the magistrate judge then filed his report recommending summary judgment in Defendants' favor.

Plaintiff's objections to the report are essentially that Defendants prevented him from using his "legal material" to oppose summary judgment and that he should be allowed to depose, or obtain an affidavit from, an inmate witness relevant to Plaintiff's supposed infraction of attempting to engage in unauthorized group activities. Neither reason is sufficient to reject the magistrate judge's recommendation.

As to the legal material, Plaintiff does not specify what this legal material is. Second, as to the witness, Plaintiff does not say why the witness's evidence was not obtained during the normal discovery period or during the sixty additional days the magistrate judge allowed. Further, Plaintiff asserts the witness would say that "inmates at Retreat were permitted to come together in groups of 10, and that on or about 5-11-03, defendant Wilde, stood amongst such a group and listened and spoke for about 10 or 15 min., and afterwards, he advised us and corrections officers' (sic) that we were no problem." (Doc. 64 at 2). This does nothing to establish an element of Plaintiff's retaliation claim, nor does it create an issue of fact, since it relates to only one meeting and Plaintiff was charged in June 2003 with having committed the infraction.

Accordingly, this 29th day of September, 2005, upon consideration of the report (doc. 62) of the magistrate judge, filed July 27, 2005, and the objections that were filed, and upon independent review of the record, it is ordered that:

    1.  The magistrate judge's report is adopted.

    2.  Plaintiff's motion (doc. 64) to compel return of legal material and interview witness is dismissed as moot.

    3.  Defendants' motion (doc. 49) for summary judgment is granted.

    4.  The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff and close this case.

                                     <u>/s/William W. Caldwell</u>
                                       William W. Caldwell
                                     United States District Judge